THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY WILLIAM WALKAMA and VONDA JOANNE WALKAMA,<br><br>                            Appellants,<br>  v.<br>ABIN BOLA NELLAMS,<br><br>                            Appellee. | CASE NO. C19-1207-JCC<br><br>BANKRUPTCY CASE NO. 15-17221-CMA<br><br>ORDER |

This matter comes before the Court on Appellants' appeal of the bankruptcy court's decision to grant Appellee relief from stay (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby AFFIRMS the bankruptcy court for the reasons explained herein.

I.      **BACKGROUND**

On August 22, 2013, Appellee brought claims against Eagle Marine Services, Inc., International Longshore and Warehouse Union Local 52, Pacific Maritime Association, and Appellant Gary Walkama. *See Nellams v. Eagle Marine Servs., Inc., et al.*, Case No. C13-1504-JCC, Dkt. No. 1 (W.D. Wash. 2013). Appellee specifically brought claims against Appellant Gary Walkama for employment discrimination and retaliation in violation of Washington's Law

BANKRUPTCY CASE NO. 15-17221-CMA
C19-1207-JCC
PAGE - 1

Against Discrimination, intentional infliction of emotional distress, and assault and battery. (*See id.* at 6–10.)

Appellants filed a voluntary petition for Chapter 13 Bankruptcy on December 9, 2015. (*See* Dkt. No. 10-1 at 4.) On December 21, 2015, Appellants' counsel served a copy of the Chapter 13 plan and the notice of the 341 meeting of creditors to all parties on the revised mailing matrix. (*Id.* at 75.) Appellants sent the notice to Appellee's counsel at his counsel's former mailing address, but counsel had changed his address eight months prior. *Nellams*, Case No. C13-1504-JCC, Dkt. No. 52. Then, on December 22, 2015, Eagle Marine Services filed a notice of Appellants' bankruptcy pursuant to Local Civil Rule 89 in Appellee's ongoing employment discrimination suit. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 120. Appellee voluntarily dismissed his claims against Eagle Marine Services, International Longshore and Warehouse Union Local 52, and Pacific Maritime Association. *See Nellams*, Case No. C13-1504-JCC, Dkt. Nos. 23, 106, 126.

On May 6, 2016, Appellee was ordered to submit a status report notifying the Court as to whether he intended to pursue his claims against Appellant Gary Walkama, the last remaining defendant in the employment discrimination suit. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 126. Appellee affirmed his intent to prosecute his claims against Appellant Gary Walkama. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 127. On April 5, 2017, the Court ordered Appellee to show cause why his case should not be dismissed for failure to prosecute. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 128. On May 1, 2017, Appellee responded, explaining that his lack of activity was caused by the automatic bankruptcy stay and that he intended to take the matter to trial as soon as possible. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 129 at 1. Appellee also informed the Court that "Defendant Walkama has modified the

terms of his Chapter 13, but has not sought to convert it." *Id.* But Appellee also stated that he intended to proceed "when the stay is lifted and the plan concluded." *Id.* at 2.

Appellee filed his first motion for relief from stay of proceedings with the bankruptcy court on July 20, 2018, but a hearing was not held on the matter and the motion was stricken from the record. (*See* Dkt. No. 10-1 at 79–82, 110.) On April 18, 2019, Appellee filed a second motion for relief from stay with the bankruptcy court. (*See id.* at 111–14.) On July 18, 2019, the bankruptcy court held a hearing on the April 18 motion and granted Appellee relief from the stay. (*See id.* at 169–86.) The relief was narrowly confined to "the limited purpose of [Appellee] liquidating his claim against the [Appellants] in his pending lawsuit." (*Id.*) Appellants timely filed this appeal of the bankruptcy court's order and now challenge the bankruptcy court's conclusion that Appellee did not have sufficient notice to satisfy due process. (*See* Dkt. No. 9.)

## II. DISCUSSION

### A. Standard of Review

District courts have jurisdiction to review a bankruptcy court's decisions. 9 U.S.C. § 16(a)(1)(A)–(B); 28 U.S.C. § 158(a)(1). District courts conduct *de novo* review of a bankruptcy court's conclusions of law. *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016). Findings of fact are reviewed for clear error. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). Thus, the district court accepts the bankruptcy court's findings of fact unless "the court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)).

### B. Notice Required for Discharging Debt in Chapter 13 Proceedings

Discharging a debt in a Chapter 13 bankruptcy proceeding requires that the plan specifically "provide for" the debt. 11 U.S.C. § 1328(a); *see Lawrence Tractor Co. v. Gregory*,

705 F.2d 1118, 1122 (9th Cir. 1983). Even if the Chapter 13 plan refers to the debt, the plan does not sufficiently provide for that debt unless the creditor to whom the debt is owed is timely notified of the bankruptcy proceeding. *See, e.g.*, *In re Crites*, 201 B.R. 277, 281 (Bankr. D. Or. 1996) ("[T]he Ninth Circuit definition of 'provided for' as used in Chapter 13 perforce includes notice to creditors which is sufficient to provide them with the opportunity to timely participate in the procedural rights granted to them in that chapter.").

To satisfy due process, a debtor must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953). Indeed, a creditor has a "right to assume" that he or she will receive all of the notices required by statute before the claim is forever barred. *See id.* And creditors do not have an affirmative duty to investigate or inject themselves into bankruptcy proceedings. *In re Maya Const. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996).

While Chapter 13 requires formal notice, actual notice may be sufficient to satisfy constitutional due process if it apprises a party of the pendency of an action affecting that party's rights. *See Mullane*, 339 U.S. at 314. But "it would be manifestly unfair to discharge such creditors' obligations upon the consummation of a plan which they could not contest, or which they had been led not to contest by the debtor's promises of payment outside the plan." *In re Tomlan*, 102 B.R. 790, 793 (E.D. Wash. 1989), *aff'd*, 907 F.2d 114 (9th Cir. 1990). Accordingly,

//

ORDER
C19-1207-JCC
PAGE - 4

if the notice to the creditor is deemed inadequate, then the debt is not dischargeable. *See In re Loloee*, 241 B.R. 655, 661 (9th Cir. B.A.P. 1999).

Inquiry notice may also be sufficient in dischargeability cases if the creditor has sufficient information to lead it to a fact or alert it that its rights may be affected by the bankruptcy. *In re Gregory*, 705 F.2d. 1118, 1123 (9th Cir. 1983) (holding that notice from the bankruptcy court that a meeting of creditors would take place on a specific date was enough information to provide inquiry notice to the creditor as required by statute). But creditors are not assumed to have a general acquaintance with the bankruptcy rules. *See In re Barsky*, 85 B.R. 550, 553, (C.D. Cal. 1988), *aff'd* 933 F.2d. 1013 (9th Cir. 1991). Instead, "the rules explicitly require the creditor be provided with specific notice concerning the requirements and need for filing a claim." *Id.* at 554 (reasoning that an aggrieved creditor had inquiry notice of the debtor's bankruptcy proceeding because she was contacted by the debtor and received a copy of the Chapter 13 plan).

Here, the bankruptcy court found that Appellee was not sufficiently notified of his status as a creditor by Appellants and that Appellee's debt was therefore not subject to discharge. (Dkt. No. 10-1 at 173.) Appellants offer three reasons why the bankruptcy court erred. First, Appellants claim that Appellee's actual knowledge of the bankruptcy proceeding renders his claim subject to discharge. (Dkt. No. 9 at 5.) Second, Appellants state that because Appellee's claim against Appellant Gary Walkama was stayed, Appellee had a duty to inquire about the bankruptcy. (*Id.*) And third, Appellants combine their previous two reasons to articulate an apparent policy argument against reopening the plan for Appellee. (*Id.* at 6.) The Court agrees with the bankruptcy court's decision and finds that Appellants did not satisfy due process in this case.

First, Appellee never received formal, statutorily required notice that Appellants' bankruptcy plan intended to discharge his claim against Appellant Gary Walkama. *See Matter of Gregory*, 705 F.2d. at 1122. Appellants made a provision for Appellee's pending claim in their proposed Chapter 13 plan and attempted to send Appellee the statutorily required notice. (*See* Dkt. No. 10-1 at 173–74.) However, Appellee's counsel's mailing address was incorrectly listed in the creditor's matrix sheet as "c/o Premier Law Group, 1408 140th Place Northeast, Bellevue, Washington 98007-3962." (*See id.*) Appellee's counsel's address had changed nearly eight months prior. *See Nellams*, Case No. C13-1504-JCC, Dkt. No. 52. Appellants evidently knew about the change because their "litigation counsel served several papers on [Appellee's] correct address" after the address had changed. (*See* Dkt. No. 10-1 at 181.) Therefore, because Appellants were aware of the correct address, this service was not reasonably calculated to provide formal, statutorily required notice to Appellee. *See Mullane*, 339 U.S. at 314.

Second, Appellee does not dispute that he was aware of Appellants' bankruptcy; indeed, he acknowledges that his suit against Appellant Gary Walkama was stayed as a result of Appellants' bankruptcy proceedings. (Dkt. No. 10-1 at 173.) However, Appellee never received the statutorily required notice of the meeting of creditors, the 341 notice, notice of the deadline to file claims, or notice of any hearing to object to the plan or any notice of the hearing of plan core information. In fact, "[t]he only notice [Appellee] received was the notice of bankruptcy filed in the district court case, not even by the debtors, but by another defendant." (*Id.* at 180.) Actual notice of Appellants' bankruptcy is not equivalent to actual notice that Appellee's claim was included in Appellants' proposed bankruptcy plan. *See In re Barsky*, 85 B.R. at 553. Therefore, Appellee did not have actual notice that Appellants' bankruptcy could have affected his stayed claim against Appellant Gary Walkama.

Third, Appellee was not notified that his claim was subject to discharge under Appellants' proposed Chapter 13 plan. (*See* Dkt. No. 10-1 at 173.) Thus, contrary to Appellants' assertion, Appellee was not under a "duty of inquiry." *See In re Maya*, 78 F.3d at 1399. Appellee could have reasonably assumed he would be notified by Appellants if his claim was affected by the proposed Chapter 13 plan. And Appellee is not expected to be so familiar with bankruptcy proceedings that he would know to file a claim to protect his right to continue litigating his claims against Appellant Gary Walkama. *See In re Barsky*, 85 B.R. at 553. Appellee needed more information from Appellants to be on inquiry notice that his rights may be affected by the bankruptcy proceeding. *See id.* Therefore, Appellants cannot impose the plan on Appellee—despite his failure to timely file proof of a claim—because Appellee had no opportunity to be heard or to contest the proposed plan before it was confirmed. *See In re Loloee*, 241 B.R. at 661.

Therefore, Appellants have failed to demonstrate a clear error in the bankruptcy court's finding that Appellee's claim was not subject to discharge in Appellants' proposed plan. *See In re JTS Corp.*, 617 F.3d at 1109.

## III. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court granting Appellees' motion for relief from stay is AFFIRMED and this matter is REMANDED to the bankruptcy court for further proceedings consistent with this order.

DATED this 2nd day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-1207-JCC
PAGE - 7